Dear Mr. Kliebert:
You have requested the opinion of this office regarding the purchase of prior creditable service in the Louisiana State Employees' Retirement System (the "System") on behalf of a judicial employee, in accordance with R.S. 42:566, which was redesignated as R.S. 11:427 by Act No. 74 of the 1991 Regular Session. (Please note that although your correspondence referred to the "Judicial Retirement Fund", the statutory provision which you refer to is contained within the provisions regarding the System.) R.S. 11:427 authorizes members of the System to receive nonjudicial service credit in the System, subject to conditions set forth therein, for service as an attorney for the Pontchartrain Levee District.
Specifically, you inquire:
 "Assuming an individual falls within the provisions of R.S. 42:566 [see now R.S. 11:427], is it permissible for the employee to purchase this additional time with the court fund paying one-half or the employer's portion and the individual paying the remaining portion?"
This office has previously examined whether funds contained in the "court fund" can be utilized for purposes of making contributions to retirement systems for employees of the court. Attorney General's Opinion No. 77-644. It remains the opinion of this office that contributions to retirement systems on behalf of court personnel can be made from the court fund, as such expenses are "in the operation of the court".
However, your inquiry also requires this office to examine whether a public employer can make a contribution to the retirement of an employee for the employee's years of service to a different employer. As such, your request must be examined in light of La. Const. (1974) Art. VII, Sec. 14(A). That provision prohibits the "funds, credit, property, or things of value of the state or of any political subdivision" from being loaned, pledged or donated to or for any person".
Although La. Const. (1974) Art. VII, Sec. 14(B) authorizes the "contribution of public funds to pension and insurance programs for the benefit of public employees", this office has previously opined:
 "Contributions of public funds to pension and insurance programs for the benefit of public employees, however, must be specifically authorized by law, and must be made in payment of some legal obligation." Attorney General's Opinion No. 92-485.
Our research has not revealed any authorization for the court to pay any portion of the amount necessary for its employee to obtain prior service credit within the System for years in which the employee was not employed by the court. Although R.S. 11:427 authorizes prior service credit to be granted to individuals who were employed as attorneys by the Pontchartrain Levee District, that provision does not authorize or direct payment of any portion thereof to be made by the court, in its capacity as the individual's current employer.
It is therefore the opinion of this office that a contribution for prior creditable service for the years when the individual in question was employed by the Levee District, and not in service to the court, would be subject to constitutional challenge under La. Const. (1974) Art. VII, Sec. 14. As the individual in question was not in service to the court during the years for which credit can be obtained, the court is under no legal obligation to, and therefore should not, make a contribution for this prior service credit.
Trusting this adequately responds to your request, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav/0351n